# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BRIAN DUNLAP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:13CV182 SNLJ |
| | ) |
| GARY J. SCHAAF, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, a resident of St. Louis, Missouri, brings this action alleging violations of his civil rights, pursuant to 42 U.S.C. §§ 1983 and 1981. He asserts that on October 23, 2013 he was in a new subdivision in Perryville, Missouri, and he "stopped to ask a lady for an exit route. He states that "a county policeman (Deputy or Sheriff) was finally called, who threatened [him] with criminal charges and arrest if [he] did not agree to go to the hospital."

Plaintiff alleges that "the police" told him that he was "driving with confusion," but he claims that "they never saw me driving." Plaintiff states, "Frightened by his coercion, I agreed." In his statement of claim, plaintiff asserts that he was then deprived of "liberty" and "equal

protection" and allegedly subjected to "false imprisonment" when he voluntarily agreed to go in an ambulance to Perry County Hospital. In his complaint, plaintiff readily admits to having a history of mental illness, most notably "manic/depressive" or bi-polar disorder. Although he does not name the officer who he spoke to on October 23, 2013, he brings his claims against the Perry County Sheriff, Gary J. Schaaf.

Plaintiff alleges that his car was then impounded and he was taken to Perry County Memorial Hospital by ambulance, where an unnamed nurse told him that she believed he was suffering from dementia. He claims two unnamed Emergency Management Technicians "threatened" him with "extended involuntary stays" in the hospital unless he agreed to a voluntary admission at Missouri Delta Medical Center, in Sikeston, Missouri. Named as a defendant from the Perry County Hospital is the President/CEO, Patrick Carron, although plaintiff has failed to make any allegations against defendant Carron.

Plaintiff asserts that he was "falsely imprisoned" at Missouri Delta Medical Center for two weeks. He claims he was kept in a "lock-down facility" at MDMC and his "personal liberty and civil rights were immediately deprived." Plaintiff states that he was released from MDMC on November 1, 2013, when a taxi took him to pick up his impounded car in Perryville, Missouri. Although he brings no personal claims against defendant Jason Schrupt, the President/CEO of MDMC, he is the only defendant named in this action from MDMC.

Last, plaintiff asserts that when he arrived at Winkler's Wrecker Service in Perryville, Missouri to retrieve his car, he went through an "unmarked door" and stepped into a 14-foot deep pit." He states that he damaged his head, ribs, should and stomach. Plaintiff asserts that Winkler's acted negligently and should be responsible for his purported damages.

**Discussion**

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981) overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986); see also, Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009). Plaintiff has not alleged, nor does it appear, that defendants Winkler's Wrecker Service or President/CEO Jason Schrupt of the Missouri Delta Medical Center are "state actors" such that any actions alleged against them could impose liability under 42 U.S.C. § 1983.[1] As such, the claims against these defendants, brought pursuant to § 1983, are subject to dismissal.

Similarly, plaintiff's claims against Gary Schaaf and Patrick Carron also fail to state a claim under § 1983. Plaintiff has not set forth any facts indicating that either of these defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Therefore, his claims against them, pursuant to 42 U.S.C. § 1983 are not cognizable. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

---

[1] Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Id. Plaintiff's complaint lacks any such allegations with respect to defendants Schrupt and Winkler's Wrecker Service.

Nor has plaintiff properly alleged a § 1981 claim in this action. A plaintiff establishes a prima facie case under 42 U.S.C. § 1981 by showing (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts). Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir.2004). Plaintiff has not indicated his race (membership in a protected class) in his complaint, nor has he alleged how or why he believes he was allegedly discriminated against on the basis of his membership in that class, or that such discrimination interfered with a "protected activity." Accordingly, he has failed to state a claim under § 1981 against any of the alleged defendants in this action.

And plaintiff's merely conclusory comment that he was denied "equal protection" rights, is not enough to state a claim for an equal protection violation against defendants. The equal protection clause "prohibits government officials from selectively applying the law in a discriminatory way." Central Airlines, Inc. v. United States, 138 F.3d 333, 334-35 (8th Cir.1998) (citation omitted). "It protects 'fundamental rights,' 'suspect classifications,' and 'arbitrary and irrational state action.'" Brandt v. Davis, 191 F.3d 887, 893 (8th Cir.1999). Plaintiff has not asserted that he belong to a suspect class or has a fundamental right at stake. As such, he cannot state a claim for relief under the equal protection clause.

Even if plaintiff's complaint is interpreted as attempting to assert a "class of one" violation, it fails. Such a claim is allowed where a plaintiff demonstrates that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." Flowers v. City of Minneapolis, 558 F.3d 794, 799 (8th Cir.2009) quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564-65 (2000). Plaintiff's complaint fails to allege such a "class of one" claim.

Last, to the extent that plaintiff's complaint contains any remaining state law claims, the Court will decline to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc.#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that to the extent that plaintiff's complaint contains any state law claims, the Court will decline to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C.§1367(c).

A separate Order of Dismissal will be filed forthwith.

Dated this 2nd day of June, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE